M. GLENVILLE KISNER

*v.*

THE PUBLIC SERVICE COMMISSION OF WEST VIRGINIA

(No. 14469)

Decided October 9, 1979.

*Rice, Hannis & Douglas, Richard L. Douglas* for appellant.

*Frank Crabtree, Legal Div., Public Service Commission,* for appellee.

PER CURIAM:

In this appeal we are asked to determine whether the Public Service Commission erred in reducing the number of vehicles which the appellant, M. Glenville Kisner, was authorized to operate under his certificate of convenience and necessity.

On May 10, 1978, the appellant, who had never operated under Public Service Commission authority, applied for a certificate of convenience and necessity to operate in Berkeley County as a common carrier by motor vehicle of stone, sand, corn, manure, and various other materials.

At a hearing conducted on the appellant's application on July 28, 1978, three witnesses appeared on behalf of the appellant, and one witness appeared on behalf of various protestants. The appellant testified that there

was much construction in progress in Berkeley County, that there were approximately fifty construction people and only fifteen trucks to supply their needs. He assessed the trucking situation as being very poor. Kathryn Myers, the secretary of a paving concern, testified that her outfit had had difficulty getting trucks when needed. John J. Negley, who worked for a construction company, expressed the opinion that the trucking services in Berkeley County were inadequate. Not one of the three witnesses who testified on behalf of the appellant expressed an opinion as to how many additional trucks might be necessary to correct the deficiencies in service. The witness who testified on behalf of the protestants, George Spencer, a trucker, stated that there were sixteen trucks in Berkeley County and that he had access to additional trucks if the need for them arose. Spencer testified that the existing fleet was often idle, and the clear purport of his testimony was that no additional trucks were needed in Berkeley County.

At the conclusion of the hearing, the Public Service Commission issued Motor Carrier Certificate No. F-5998 to the appellant. The certificate stated in part:

> "IT IS, THEREFORE, ORDERED that there be, and there hereby is, issued unto the applicant, M. Glenville Kisner, a certificate of convenience and necessity, designated P.S.C. M.C. Certificate No. F-5998, to operate as a common carrier by motor vehicle in the transportation of stone, dirt, aggregate, asphalt, ash, gravel, shale, fill dirt, top soil, sand, rock and other road building and construction materials in Berkeley County, and between points and places in said county on the one hand and points and places in West Virginia on the other."

The certificate placed no limit on the number of vehicles which the appellant might operate.

After the issuance of the certificate to the appellant, the protestants petitioned the Public Service Commission to reconsider its action. In their petition that al-

leged, among other points, that the Commission had erred in failing to limit the number of vehicles which the appellant might operate, and by so failing to limit the number of vehicles the Commission had entered an order which was contrary to the evidence contained in the record of the case.

Without conducting additional hearings the Public Service Commission, on November 1, 1978, found that:

"The findings by the Commissioner in this case clearly indicate that the applicant proposed to operate a 1973 Chevrolet bi-axle dump truck if authority was granted. However, as intervenors' petition correctly observes, the authority granted to the petitioner by the ordering clause is not limited in respect to the number of vehicles which the applicant may operate thereunder. The record in this case does not support the granting of authority to the applicant to operate more than one motor vehicle."

At the same time, the Commission entered an order saying:

"IT IS, THEREFORE ORDERED that P.S.C. M.C. Certificate No. F-5998 be, and it hereby is, amended to authorize the holder, M. Glenville Kisner, to operate one dump truck as a common carrier by motor vehicle in the transportation of stone, dirt, aggregate, asphalt, ash, gravel, shale, fill dirt, top soil, sand, rock and other road building and construction materials in Berkeley County, and between points and places in said county on the one hand and points and places in West Virginia on the other."

From this ruling the appellant now appeals contending that the portion of the ruling limiting him to the operation of only one motor vehicle is contrary to the law and the evidence.

A careful examination of the evidence adduced in this case reveals that although there was abundant testimony regarding the need or lack of need for additional

carriers in Berkeley County, no witness testified, and there was no other evidence showing, how many additional carriers might be necessary to satisfy the need. In view of this state of the record we can say that the Commission's decision that the appellant should operate only one vehicle was neither contrary to the evidence nor supported by it. It is evident from the record that the witnesses at the July 28, 1978 hearing addressed the question of need rather than how that need might be satisfied.

The Public Service Commission has broad authority in regulating the operations of common carriers by motor vehicles. *W. Va. Code*, 24A-2-5(a), provides, in part:

> "...if the commission finds from the evidence that the public convenience and necessity require the proposed services or any part thereof, it shall issue it for the partial exercise only of the privilege sought, and may attach to the exercise of the right granted by such certificate such terms and conditions as in its judgment the public convenience and necessity may require, ..."

And we are mindful that *W. Va. Code*, 24A-2-5(c), states that:

> "No certificate issued in accordance with the terms of this chapter shall be construed to be either a franchise or irrevocable or to confer any proprietary or property rights in the use of the highways."

It appears from the record in this case that after the issuance of the initial certificate the appellant took steps to procure vehicles in addition to the one he already owned. He changed his position in reliance upon the original certificate authorizing him to operate an unlimited number of vehicles.

We had held that the Due Process Clause, Art. III, § 10, *W. Va. Const.* requires procedural safeguards against State action which affects a liberty or property interest. For the purpose of due process analysis a "property interest" includes not only the traditional notions of real

and personal property, but also extends to those benefits to which an individual may be deemed to have a legitimate claim of entitlement under existing rules or understandings. *Waite v. Civil Service Commission,* _____ W. Va. _____, 241 S.E.2d 164 (1978); see also, *State ex rel. McLendon v. Morton,* _____ W. Va. _____, 249 S.E.2d 919 (1978). Protected property interests for the purpose of due process analysis have included the interest of a student at a state-supported university in obtaining a higher education, *North v. Board of Regents,* _____ W. Va. _____, 233 S.E.2d 411 (1977); a driver's license, *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); relief from garnishment of wages, *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); dismissal from government employment, *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The right of the appellant in the case at bar to operate more than one vehicle under the certificate of convenience and necessity, as originally issued, clearly constituted a benefit to the appellant and that benefit may be deemed to be a legitimate claim of entitlement under existing rules and understandings. Therefore, we conclude that for the purpose of due process analysis only, the certificate of convenience and necessity, as originally issued to the appellant, vested in him a property right.

By this holding we do not overrule the provisions of *W. Va. Code,* 24A-2-5(c). We recognize that *W. Va. Code,* 24-2-5(c) does not confer on the appellant as a result of the original certificate a traditional property right which would enable him to transfer the certificate without the Commission's approval or to have an irrevocable right to the certificate. What we do hold under principles of procedural due process is that the certificate of convenience and necessity issued without limitation as to the number of vehicles confers a significant "property interest" in the appellant to require the State to afford him a hearing before it undertakes to limit the certificate by restricting it to one vehicle.

It is clear that in this proceeding the appellant was never afforded a hearing to address the question of how many trucks might be necessary to satisfy the need in Berkeley County. He was not aware of the issue at the time of the original hearing, and he was not afforded an additional hearing after the filing of the motion for reconsideration. We, therefore, conclude that the procedures employed by the Public Service Commission violated the appellant's right to due process of law. Since the lack of a hearing is the criticl determinative factor in this case, we need not consider the exact intent of the due process rights that should be afforded. See, Syl. pt. 5, *Waite v. Civil Service Commission, supra.*

*Reversed and remanded.*