Eugene R. Evans, II

*v.*

West Virginia Board Of Regents, *etc., et al.,*

(No. 14894)

Decided November 18, 1980.

*John P. Anderson,* for appellant.

*Chauncey H. Browning, Attorney General, Ann V. Dornblazer, Assistant Attorney General,* for appellees.

Per Curiam:

The appellant, Eugene R. Evans, II, appeals from a final order of the Circuit Court of Kanawha County entered March 27, 1980, denying his petition for a writ of certiorari. By that petition appellant sought reinstatement as a student at the West Virginia School of Osteopathic Medicine (WVSOM), and a hearing wherein the appellees would be required to give reasons for their refusal to readmit him. The case is here on the original record, this Court having granted a motion for leave to move to reverse.

Appellant was a member of the first class of the WVSOM in the fall of 1974. He successfully completed two and one-half years of the educational program with a grade average of B+. During the fall of 1976, appellant developed a serious urological infection causing substantial physical discomfort and accompanying mental anguish stemming from the failure of his condition to respond promptly to medical treatment. Upon appellant's application the Promotions Committee granted a one-year leave of absence ending December 1, 1977.

Less than two months after his medical leave expired, appellant contacted the school indicating his desire to resume his medical education. The Academic Dean informed him that since he had not returned to classes in accordance with his medical leave he was no longer a student in good standing and would have to reapply for admission. He promptly did so the following month. At the direction of the Director of Admissions, appellant provided letters from a board-certified urologist and a board-certified psychiatrist indicating his ability to return to medical school. Nevertheless, appellant was notified that he had been denied admission. No reasons were advanced for the denial.

Appellant promptly pursued his administrative remedies and appealed to the Board of Regents. The Board of Regents remanded the case on two occasions to the WVSOM for a proper evaluation of appellant's application and both times the Admissions Committee denied readmission without proffering any explanation whatsoever for the denial. Finally, in October of 1979 the Board of Regents sustained the Admissions Committee's denial of readmission.

Appellant seeks a reversal of the circuit court's order and the issuance of a writ of certiorari requiring the appellees to reinstate him to the WVSOM and to disclose the reason or reasons why he was denied readmission.

Based on our decisions in *State ex rel. McLendon v. Morton*, 162 W.Va. 431, 249 S.E.2d 919 (1978) and *North*

*v. West Virginia Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977), we conclude that appellant has a sufficient property interest in the continuation and completion of his medical education to warrant the imposition of minimal procedural due process protections. Having completed two and one-half years of medical education, the appellant had a reasonable expectation that he would be permitted to complete his education absent a showing that specific conditions and circumstances had developed since his original admission which would prevent him from successfully completing the remainder of his education. This interest is sufficient to accord the appellant a legitimate claim of entitlement. As we held in the second Syllabus of *McLendon, supra:*

> A 'property interest' includes not only the traditional notions of real and personal property, but also extends to those benefits to which an individual may be deemed to have a legitimate claim of entitlement under existing rules or understandings. Syl. pt. 3, *Waite v. Civil Service Commission*, 161 W.Va. 154, 241 S.E.2d 164 (1977).

We do not agree that the appellant forfeited his property rights and has been relegated by his own actions to the same position as that of an original applicant to medical school. Appellant is not in the same class as an original applicant to a professional school and nothing appears of record even remotely suggesting his unfitness or inability to complete the remainder of his education. Appellant has maintained a good academic record at the West Virginia School of Osteopathic Medicine, unlike the medical student in *Board of Curators of the University of Missouri v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978), whose academic dismissal without a hearing was upheld in the face of a procedural due process challenge.

We conclude that appellant's substantial rights have been denied and that the circuit court erred in concluding to the contrary.

Accordingly, we conclude that the writ of certiorari should have been granted and that the appellant is entitled to immediate reinstatement commencing at the next academic term of the West Virginia School of Osteopathic Medicine. In the event the appellees should seek to terminate appellant's continued medical education, they must afford him the following due process protections: (1) a formal wirtten notice of the reasons he should not be permitted to continue his medical education; (2) a sufficient opportunity to prepare a defense to the charges; (3) an opportunity to have retained counsel at any hearings on the charges; (4) a right to confront his accusers and present evidence on his own behalf; (5) an unbiased hearing tribunal; and (6) an adequate record of the proceedings.

*Reversed and remanded*
*with directions.*