312 S.E.2d 752

**Creed ADKINS**

v.

**CSC AND PSC.**

**Robert L. STINE**

v.

**CSC AND PSC.**

**Nos. 16048, 16049.**

Supreme Court of Appeals of
West Virginia.

Jan. 26, 1984.

Brooks E. Smith, Morgantown, for appellant.

Thomas B. Bennett, Bowles, McDavid, Graff & Love, Charleston, for CSC.

Robert R. Rodecker, Gen. Counsel, Charleston, for PSC.

McGRAW, Justice:

In these two consolidated cases, Creed Adkins and Robert Stine, employees of the West Virginia Public Service Commission (PSC), appeal final orders of the West Virginia Civil Service Commission (CSC) which denied their requests for a hearing in which they sought to contest their reallocation to lower job classifications.

On June 8, 1982, the CSC instituted a classification study of all positions within the PSC then classified in the section chief series. Pursuant to this study, each of the twenty-three affected employees of the PSC was asked to complete a position description of the work they performed, and all but five of the positions were audited by CSC staff to clarify the duties and responsibilities of each section chief position. Several meetings involving PSC and CSC officials were also held in an effort to arrive at a mutually agreeable classification scheme.

As a result of the classification study, the CSC staff prepared tentative classification decisions for the 23 PSC section chiefs, which were made known to the PSC in September, 1982. Subsequently, PSC officials met with CSC staff to review the classification decisions. The CSC contends that the PSC agreed to the proposed reallocation of Adkins from section chief III to tariff analyst, and with the reallocation of Stine from section chief IV to a non-section chief category. The PSC asserts that it was operating under the representation, communicated by CSC personnel, that the entire section chief classification series was in the process of being eliminated throughout state government, and therefore, any effort to maintain section chief classifications for existing employees would be fruitless.

By letter dated June 24, 1983, Ms. Janeann C. King, Director of Personnel for the CSC, announced to the PSC chairman, E. Dandridge McDonald, the reallocation of all section chief positions within the PSC, effective July 1, 1983. Included in this announcement was the reallocation of appellant Adkins from section chief III to tariff analyst and the reallocation of appellant Stine from section chief IV to fiscal officer. By letter dated July 8, 1983, the PSC submitted an appeal request pursuant to Rule

14.04(a) of the *Rules and Regulations of the Civil Service System*.[1] In its appeal the PSC indicated its disapproval of the reclassification scheme adopted by the CSC and submitted a proposed alternative reclassification scheme. The PSC further informed Ms. King in this letter that it would not abide by the reclassification plan announced in her June 24, 1983, letter.

The PSC asserts that on or about July 18, 1983, Ms. King informed the PSC that refusal to implement the reclassification plan would result in the withholding of the payroll for all PSC personnel. For this reason, the PSC submitted under protest personnel action forms to the CSC, implementing the reclassification plan. On the same day, July 18, 1983, the PSC appeal of its employees' reallocation was denied by the CSC Classification and Compensation Division Chief.

On July 22, 1983, appellants Adkins and Stine were notified by the CSC for the first time of their reallocation to lower classifications, effective July 1, 1983. Appellant Stine filed a *pro se* appeal of his reallocation with the CSC Classification and Compensation Division Chief on August 4, 1983. Appellant Adkins did the same on the next day. Meanwhile, on August 1, 1983, the PSC lodged a second-step appeal with the CSC Director of Personnel, Janeann C. King. On August 5, 1983, the PSC, prompted by statements attributed to Ms. King by the press, requested that the CSC chairman replace Ms. King in the appeal process, or set the matter for hearing.

On August 11, 1983, appellant Stine was informed by the CSC that his appeal would be consolidated with the PSC second-step appeal filed August 1, 1983. On August 17, 1983, appellant Adkins' appeal was denied by the CSC Classification and Compensation Division Chief. On August 19, 1983, the PSC motion to remove Ms. King from the appeal process was denied by the CSC chairman. However, the CSC informed the PSC that it had hired Linda Sue Barnes, an "independent expert," to review the allocations made by the CSC staff.

On August 22, 1983, appellant Stine's appeal was denied by the CSC Classification and Compensation Division Chief, and Stine was informed that any second-step appeal to the Director of Personnel would be consolidated with the PSC second-step appeal filed August 1, 1983. By letter dated August 25, 1983, the PSC chairman informed the CSC that the PSC continued to maintain its objection to the participation of Ms. King in the appeal process, and that it would agree to an extension of time to permit an independent review of the reallocations. In a letter dated August 30, 1983, the CSC chairman reiterated that Ms. King would not be removed from the PSC second-step appeal, and informed the PSC that any information to be used by the independent expert hired by the CSC must be submitted in writing.

In the meantime appellants Adkins and Stine retained counsel to prosecute their appeals before the CSC. Subsequently, counsel filed second-step appeals with the CSC Personnel Director on behalf of Ad-

---

**1.** Rule 14.04 provides:

14.04. *Appeal of a Classification Action*

(a) *Appeal Request*—When a classification action results in the movement of a position from one class to another, the affected employee or the appointing authority may, within fifteen (15) calendar days following the date of the classification notice was postmarked, request a classification review. The request shall be in writing and shall concern only the allocation of the individual position to a class.

(b) *First Review*—The Classification Division shall review the initial request and all additional information submitted by the employee or the appointing authority within fifteen (15) calendar days from the date the classification notice was postmarked. The Classification Division shall notify the employee and appointing authority in writing of the result of the classification review.

(c) *Second Review*—If the decision resulting from the first review remains unacceptable, the employee or the appointing authority may file a written appeal to the Director of Personnel within fifteen (15) calendar days following the date of the written decision was postmarked. Such appeal request shall include justification for changing the classification of the position.

(d) *Decision*—The Director shall consider all pertinent information and issue a written final allocation decision within thirty (30) calendar days after the appeal is received.

kins on August 31, 1983, and on behalf of Stine on September 2, 1983. In both appeals, the appellants sought review of their reallocation to lower classifications pursuant to Rule 14.04(a) of the *Rules and Regulations of the Civil Service Commission.* In addition, each of the appellants also contended that their reallocation to lower classifications constituted *de facto* demotions for which review was sought pursuant to Rule 14.01 of the *Rules and Regulations of the Civil Service Commission.*[2]

In letters dated September 7, 1983, Ms. King acknowledged receipt of the appellants' second-step appeals under Rule 14.-04(a). No mention was made, however, of the demotion review sought pursuant to Rule 14.01. In these letters, Ms. King informed each of the appellants that she would consider any "additional justification" which the appellants wished to submit in support of their appeals, provided that it was submitted in writing and received by 9:00 a.m. on September 16, 1983.

In documents submitted September 15, 1983, both Adkins and Stine objected to their reallocation as inappropriate in title, job description and pay grade, as well as

---

2. Rule 14.01 provides:

14.01. *Appeal from Dismissal, Suspension, Demotion, Discrimination*

(a) *Right of Appeal*—Upon the occurrence of any one of the following events, a permanent employee shall have the right to appeal to the Commission for relief from the action complained of: dismissal; suspension for more than thirty (30) calendar days in any twelve (12) month period; demotion; discrimination in any incident of employment involving a personnel action because of political or religious opinions or affiliations, race, sex, age, handicap, national origin or other non-merit based personnel action.

(b) *Written Appeal*—Such appeal shall be in writing and must be postmarked no later than thirty (30) calendar days after the effective date of the action. An employee must provide in the appeal request substantial factual information including a specific recitation of the alleged act or acts about which the employee-appellant is complaining. The appeal shall be transmitted to the Director who shall docket the appeal request. If the Commission decides to hold a hearing on an appeal, the Director shall set a formal hearing before the Commission within ninety (90) calendar days after receipt of the appeal. In advance of the hearing, the Director shall furnish a copy of the appeal to the appointing authority of the agency concerned.

(c) *Notice of Hearing*—Both the employee and the appointing authority of the agency involved shall receive reasonable advance notification of the time and place of the hearing.

(d) *Discovery*—A broad form of discovery exists to simplify conduct of the Commission hearings. Both the appointing authority and the aggrieved employee-appellant shall have the right to inquire and receive answers from the other party or other persons concerning evidence relevant to the issues at the hearing. Both may inspect any documents or other evidence in the possession of the other party or other persons concerning evidence relevant to the issues at the hearing. Only matters which are part of the attorney work product or are otherwise privileged by law are exempted from the requirements of this section. The intent of this section is to allow discovery of facts in a manner similar to the West Virginia Rules of Civil Procedure including, but not limited to, use of interrogatories, depositions, requests for admissions, and requests for production of documents. The scope of discovery shall not be limited by the West Virginia Rules of Civil Procedure.

(e) *Stipulations*—Ten (10) calendar days prior to the Commission hearing, both the appointing authority and the employee-appellant shall submit to the Commission a signed joint stipulation setting forth the following:

1. issues to be decided;

2. statement of undisputed facts, including facts to which each witness will testify;

3. statement of disputed facts, including facts to which each witness will testify;

4. applicable laws; and,

5. exhibits to be introduced, with or without objection.

(f) Failure of either party to comply with this section may result in an adverse decision by the Commission on the merits of the case. It will be discretionary with the Commission to waive the signed joint stipulation requirement. The parties may enter into any other stipulations helpful to the Commission.

(g) *Hearing*—The employee and an agency official designated by the appointing authority shall have the right to present witnesses and give evidence before the Commission. Technical rules of evidence shall not apply at the hearing of such appeals. At any such hearing, the appointing authority shall bear the burden of going forward with evidence to establish that the dismissal, demotion, suspension, or other non-merit based personnel action was not arbitrary or capricious and was for good cause. The appointing authority also bears the burden of persuasion and such burden shall remain with the appointing authority throughout every stage of such hearing.

(h) *Continuance*—Continuances of a hearing may be granted by the Commission only for good cause shown.

being an illegal and unconstitutional demotion. Both appellants also objected to the short period of time allowed for submission of additional data. Each appellant provided an analysis indicating that the section chief series was an appropriate classification for their positions with the PSC. This analysis included a comparison of the appellants' positions with analogous positions in motor carrier and utility regulatory agencies of neighboring states.

In letters dated September 30, 1983, Ms. King denied the appellants' second-step classification appeals. Relying upon the evaluation of the appellants positions performed by Ms. Barnes, the independent expert hired by the CSC, Ms. King indicated that she was reallocating Adkins to tariff analyst, and Stine to fiscal officer. Each appellant was notified that they had thirty days to appeal Ms. King's decision to the CSC. These classification appeals are now pending before the CSC.

On October 3, 1983, the PSC received a letter from Ms. King dated September 30, 1983, in which she set forth her final classification decisions. The final allocations adopt in some instances, and reject in some instances, the recommendations of Ms. Barnes. The decision approves the classification of section chief for two employees of the PSC other than the appellants. The PSC filed a request for review of Ms. King's decision on October 28, 1983. That matter is currently pending before the CSC and a hearing has been set for January 23, 1984.

By orders entered October 5, 1983, the CSC denied the demotion based requests for hearings filed by the appellants under Rule 14.01 because (1) they were not timely and (2) the classification decisions were not demotions for purposes of appeal under Rule 14.01. The CSC indicated that the appropriate appeal route was under Rule 14.04. It is from this ruling that Adkins and Stine appeal to this Court.

The appellants contend that they have been denied due process of law by the combined actions of the PSC and the CSC. They pray that the Court set aside the *sua sponte* orders of the CSC issued October 5, 1983, and remand this matter for a proper hearing through which their constitutional and other legal rights may be protected. The appellants also pray for an award of reasonable attorney fees expended in the administrative and appellate proceedings.

Amidst the numerous legal and factual assertions advanced by the parties to this appeal, emerges the appellants' central argument that their reallocation to a lower job classification by the CSC amounts to a *de facto* demotion entitling them to the procedural safeguards of W.Va.Code §§ 29-6-10(11), 29-6-15, and CSC Rule 14.-01.[3] The appellants argue that their reallo-

---

3. W.Va.Code § 29-6-10(11) provides:

For discharge or reduction in rank or grade only for cause of employees in the classified service. Discharge or reduction of these employees shall take place only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction stated in writing, and has been allowed a reasonable time to reply thereto in writing, or upon request to appear personally and reply to the appointing authority or his deputy. The statement of reasons and the reply shall be filed as a public record with the director. Notwithstanding the foregoing provisions of this subdivision, no permanent employee shall be discharged from the classified service for absenteeism upon using all entitlement to annual leave and sick leave when such use has been due to illness or injury as verified by a physician's certification or for other extenuating circumstances beyond the employee's control unless his disability is of such a nature as to permanently incapacitate him from the performance of the duties of his position. Upon exhaustion of annual leave and sick leave credits for the reasons specified herein and with certification by a physician that the employee is unable to perform his duties, a permanent employee shall be granted a leave of absence without pay for a period not to exceed six months if such employee is not permanently unable to satisfactorily perform the duties of his position.
W.Va.Code § 29-6-15 provides:

Any employee in the classified service who is dismissed or demoted after completing his probationary period of service or who is suspended for more than thirty days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the commission for review thereof. Upon such review, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard publicly and to present evidentiary facts. At the hearing of such appeals, technical rules of evidence shall

cation constitutes a demotion because although their job duties and rate of pay were unaffected by the CSC action, their reallocation to classifications with lower pay grades will preclude any future merit increases unless and until the pay grades for their new positions are upgraded to the level of their current salary.

A serious complication confronting the Court in the resolution of this issue is the absence of a record upon which to base its decision. In fulfilling its appellate function, this Court does not sit as a trier of fact, but rather is essentially limited to the record developed below. *See, e.g.,* W.Va. Const. art. VIII, § 4; RULES OF APPELLATE PROCEDURE 8, 9. In this case no record has been developed below primarily because no hearing has yet been provided to the appellants or the PSC on the issue of their "demotion" or on any other issue arising from the CSC reallocation of PSC section chief positions.

■ Even if we accept, *arguendo*, the contention of the CSC that the appellants' reallocation is a "classification action" and not a "demotion," the appellants, as well as the PSC itself, are nevertheless entitled to a hearing. W.Va.Code § 29–6–10(1) expressly provides that:

Any employee affected by the allocation of a position to a class *shall*, after filing with the director of personnel [of the

CSC] a written request for reconsideration thereof in such manner and form as the director may prescribe, *be given a reasonable opportunity to be heard thereon by the director. The interested appointing authority shall be given like opportunity to be heard.* [emphasis added].

This statute clearly contemplates that the director of personnel of the CSC shall, upon request, afford aggrieved employees, as well as the interested appointing authority, a hearing at which allocation of a position to a class may be contested. In contemplation of the director's duty to provide an allocation hearing, W.Va.Code § 29–6–18 grants to the director the power to "administer oaths, subpoena witnesses and compel the production of books and papers pertinent to any ... hearing authorized by this article."

■ The CSC is an agency subject to the State Administrative Procedures Act, *see* W.Va.Code § 29A–1–2, and, accordingly, hearings conducted by the CSC director of personnel in contested cases under W.Va. Code § 29–6–10(1) must conform with the procedures set out in W.Va.Code §§ 29A–5–1 through 29A–5–5. These procedures include notice, an evidentiary hearing, compilation of a record, and the rendering of a decision accompanied by findings of fact and conclusions of law.

not apply. At any such hearing, the burden of proof will be upon the appointing authority to establish that the dismissal, demotion or suspension was proper in all respects and that such dismissal, demotion or suspension was not arbitrary or capricious. Such burden shall remain with the appointing authority throughout every stage of such hearing. If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reimbursed to his former position or a position of like status and pay, without loss of pay for the period of his suspension, and awarded his reasonable and necessary attorneys' fees expended therein, such fees to be paid by the appointing authority. If the commission finds that the action complained of and taken by the appointing authority was too severe but was with good cause, the commission may provide for such other remedy or remedies, as may be deemed appropriate and in the best interest of the parties. The commission shall expressly have the authority by

order to provide for such remedies as it may deem to be appropriate after it has made a complete review of the circumstances of each individual case and such remedies shall include, but not be limited to, the restoration of all or part of an individual's back pay or wages for the period of the suspension or reinstatement of an individual to his former position or a position of like status and pay or reemployment to any other position which in the judgment of the commission is in the best interest of the parties or any combination of such remedies. When any employee is dismissed and not reinstated after such appeal, the commission in its discretion may direct that his name be placed on an appropriate employment list, for employment in any similar position other than the one from which he has been removed. Any final action or decision taken or made hereunder shall be subject to review by the supreme court of appeals, if appeal is made within sixty days of the action or decision complained of.

Rule 14.01 is set forth in note 2, *supra.*

■ As no hearing has been provided to the appellants or to the PSC regarding allocation of PSC section chiefs to a different class, we must conclude that the director of personnel of the CSC has disregarded her duty under W.Va.Code § 29–6–10(1). Indeed, it appears the CSC is unaware of the requirements of the statute in that Rule 14.04, which provides the procedure for appealing classification actions, is barren of any reference to a hearing pursuant to a contested allocation.

Traditionally, this Court has been sensitive to the due process rights of public employees in continued employment. *See, e.g., Major v. DeFrench,* 169 W.Va. 241, 286 S.E.2d 688 (1982); *Clarke v. West Virginia Board of Regents,* 166 W.Va. 702, 279 S.E.2d 169 (1981); *Evans v. West Virginia Board of Regents,* 165 W.Va. 780, 271 S.E.2d 778 (1980); *Kisner v. Public Service Comm'n,* 163 W.Va. 565, 258 S.E.2d 586 (1979); *State ex rel. McLendon v. Morton,* 162 W.Va. 431, 249 S.E.2d 919 (1978); *Waite v. Civil Service Comm'n,* 161 W.Va. 154, 241 S.E.2d 164 (1977). In addition to the obvious property interest which the appellants have in retaining their section chief classifications, the appellants also possess a statutory right pursuant to W.Va.Code § 29–6–13 to continue in their permanent positions absent a procedurally proper reclassification or reallocation.[4] The procedures provided by the Legislature are the primary vehicle by which these rights can be safeguarded.

Accordingly, we vacate the orders issued October 5, 1983, by the CSC and remand

this case so that the director of personnel of the CSC can fulfill her statutory duty to provide the appellants and the PSC their requested opportunities to be heard on all the issues they raise with respect to the CSC allocation of PSC section chiefs.

■ While it is not a point of error raised in this appeal, we note that the PSC has raised an objection regarding the impartiality of the CSC director of personnel, and has requested her disqualification from the appeal process. This objection was raised by petition filed August 5, 1983, with the CSC by the Chairman of the PSC. By letter dated August 19, 1983, the Chairman of the CSC summarily denied the PSC request. We note that W.Va.Code § 29A–5–1(d) mandates that "[a]ll hearings shall be conducted in an impartial manner." It is beyond dispute that an unbiased hearing tribunal is an essential element of due process in contested administrative cases. *See e.g., Clarke v. West Virginia Board of Regents,* 166 W.Va. 702, 279 S.E.2d 169, 179 n. 5 (1981); *North v. West Virginia Board of Regents,* 160 W.Va. 248, 233 S.E.2d 411, 417 (1977). The question of impartiality of the CSC director of personnel is a preliminary matter which should be resolved in appropriate proceedings upon remand.

■ Finally, the appellants request an award of costs and reasonable attorney fees expended in the administrative proceedings below and the appellate proceedings in this Court. In this case, W.Va.

---

4. W.Va.Code § 29–6–13 provides:

(a) Except in the case of the removal of an employee for cause and except for persons in policymaking positions, employees who have gained permanent status under the present system of classified service as of the effective date of this article will not be subject to further examination, except when they wish to qualify for promotion, and will continue in the position they hold. Their rights as permanent employees shall be continuous. Employees holding provisional appointments under the present system of classified service must qualify for permanent appointments under competitive examination.

(b) No person occupying a policymaking position, including persons included in and qualified for the classified service on the effective date of this article, shall be entitled to any right bestowed upon any position or per-

son within the classified service by the provisions of this article or by any rule or regulation promulgated thereunder: Provided, that any person who, on the effective date of this article, is serving in a policymaking position and is included in and qualified for the classified service in any agency to which the federal merit systems standards apply on account of a state program financed in whole or in part by federal funds shall lose no rights because of the enactment of this section.

(c) Employees holding positions included under classified service by this article or placed under the same by future action shall be required to take qualifying tests prescribed by the director.

Nothing in this article shall preclude the reclassification or reallocation as provided by this article of any position.

§ 29–6–15 expressly permits an award of reasonable and necessary attorney fees expended in administrative proceedings before the CSC upon a finding that an employee has been dismissed or demoted without good cause.[5] At this stage in the proceedings, however, no findings have yet been made on the issues of whether the reallocation of the appellants to lower job classifications constitute demotions, and if so, whether good cause exists therefor. Consequently, an award of costs or attorney fees expended by the appellants would be premature at this time.

For the foregoing reasons, the orders issued by the CSC on October 5, 1983, denying the appellants a hearing on the issue of their demotion, are vacated, and this case is remanded to the CSC so that a hearing, as contemplated by W.Va.Code § 29–6–10, may be afforded the appellants and the PSC. The CSC is further ordered to reimburse the appellants for their costs and reasonable attorney fees expended in the proceedings in this Court and before the CSC if the appellants prevail.

Remanded.